1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SONNY MARTINEZ,                           CASE NO.    1:13-cv-0183-MJS (PC)

               Plaintiff,          ORDER  DISMISSING  COMPLAINT  WITH
                                                          LEAVE TO AMEND
   v.

SELMA POLICE DEPARTMENT,          (ECF No. 1)

               Defendant.        AMENDED  COMPLAINT  DUE  WITHIN
                                                           THIRTY DAYS

_____/

On February 6, 2013, Plaintiff Sonny Martinez ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff appears to be a pretrial detainee.[1]  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff's Complaint is now before the Court for screening.  (Compl., ECF No. 1.)

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

---

[1] Plaintiff is not clear about his current status.  In his amended complaint Plaintiff should explain if he is a pretrial detainee, civil detainee, or a regular prison inmate.

1   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
3   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
4   relief may be granted, or that seek monetary relief from a defendant who is immune from
5   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
6   thereof, that may have been paid, the court shall dismiss the case at any time if the court
7   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
8   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

9        A complaint must contain "a short and plain statement of the claim showing that the
10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
11  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
12  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
13  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth
14  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"
15  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands
16  more than the mere possibility that a defendant committed misconduct and, while factual
17  allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

18  **II.    SUMMARY OF COMPLAINT**

19       Plaintiff is currently housed at the Fresno County Jail.  The events at issue in his
20  Complaint occurred at the City of Selma Jail in Selma, California.  Plaintiff names the
21  Selma Police Department as the sole Defendant in this action.

22       Plaintiff's allegations are as follows:

23       Plaintiff was arrested on January 20, 2013.  He attempted to hang himself in his cell
24  Even though there was a camera near his cell, no one saw him or came to help him.
25  Plaintiff ultimately changed his mind, but nevertheless fell to the floor.  He called for help
26  but no one arrived to help him for ten minutes.

27       Plaintiff requests that the Court order that the Selma Police Department be
28  investigated and determine why no one came to Plaintiff's aid in a timely fashion.

III. **ANALYSIS**

**A.     42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.     *Monell* Liability**

Plaintiff has named the Selma Police Department as the only defendant in this action.  Plaintiff must meet the requirements set forth below to allege a cognizable constitutional claim against this Defendant.

A municipality is considered a "person" under Section 1983 and may be liable for causing a constitutional deprivation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1992); Long v. Cnty. of Los Angeles., 442 F.3d 1178, 1185 (9th Cir. 2006).  A municipality may not be sued under 42 U.S.C. § 1983 solely because an injury was inflicted by its employees or agents, however.  Monell, 436 U.S. at 694.  It is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.  Id.  "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Long, 442 F.3d at 1185 (internal quotation marks and citations omitted).

To state a claim for municipal liability for the failure to protect an individual's

1  constitutional rights, the plaintiff must establish facts indicating the following: (1) the plaintiff
2  possessed a constitutional right, of which he was deprived, (2) the municipality had a
3  policy, (3) the municipal policy amounts to deliberate indifference to the plaintiff's
4  constitutional right, and (4) the municipal policy is a moving force behind the constitutional
5  violation.  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

6       Plaintiff's pleading does not meet any of these requirements.  Plaintiff will be given
7  leave to amend, but before filing his amended complaint, he should review the standards
8  set forth above and determine whether he has a valid claim against the Selma Police
9  Department.  If not, Plaintiff might nevertheless be able to make such claims against the
10 specific individuals he believes are responsible for the action or inaction for which he sues.

11          **C.    Possible Fourteenth Amendment Claim**

12      Plaintiff does not allege the statutory basis for his claims.  If he files an amended
13 complaint, he must clearly state the statutory basis for his claims.

14      From the limited facts presented, it appears Plaintiff is asserting what amounts to
15 a "conditions of confinement" claim under the Fourteenth Amendment.  The Court will set
16 out the requirements for such a claim and analyze Plaintiff's allegations under those
17 standards.  (Plaintiff is not foreclosed from asserting claims under a different theory as
18 well.)

19      Civilly detained persons must be afforded "more considerate treatment and
20 conditions of confinement than criminals whose conditions of confinement are designed
21 to punish," and are thus entitled to protection under the Fourteenth Amendment.
22 Youngberg v. Romeo, 457 U.S. 307, 322 (1982); Jones v. Blanas, 393 F.3d 918, 931 (9th
23 Cir. 2004).  The Due Process clause guarantees civil detainees the right to be protected
24 and confined in a safe institution.  See Youngberg, 457 U.S. at 319–22 (finding that
25 involuntarily committed individuals have constitutionally protected rights under Due Process
26 Clause to reasonably safe conditions of confinement and freedom from unreasonable
27 bodily restraint).   Due process requires that civil detainees receive care that is
28 professionally acceptable.  Id. at 321.  "Liability may be imposed only when the decision

-4-

1   by the professional is such a substantial departure from accepted professional judgment,

2   practice, or standards as to demonstrate that the person responsible actually did not base

3   the decision on such a judgment." Id. at 323.

4          As an initial matter, Plaintiff has failed to identify any individual or entity he feels is

5   liable for the alleged wrongs.  Plaintiff must link an individual or entity to his claims to state

6   a cognizable claim under this section.

7          Plaintiff's claim also falls short of meeting the standard of a conditions of

8   confinement claim under the Fourteenth Amendment.  Plaintiff alleges that he was not

9   adequately monitored, but does not explain why failing to check-in on him as often as he

10  suggests constitutes a substantial departure from any accepted professional judgment

11  standard.  Plaintiff also fails to allege that he sustained any damages from the incident.

12         Plaintiff will be given leave to amend.  In his amended complaint, Plaintiff should

13  allege additional facts linking one or more individuals or entities to his allegations and

14  explain his basis for claiming the monitoring of him was below professional standards and

15  constitutionally deficient.

16         **D.    Injunctive Relief**

17         Plaintiff seeks injunctive relief.  He asks the Court to order that Defendant Selma

18  Police Department be investigated and determine why no one came to Plaintiff's aid in a

19  timely fashion.

20         Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v.

21  Natural Res. Defense Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary

22  injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

23  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

24  favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S.

25  674, 689–90 (2008)).

26         As a preliminary matter, the Court does not have the jurisdiction to grant the relief

27  that Plaintiff seeks.  Plaintiff does not specify who he would like to perform the

28  investigation, but it does not appear that he wants the only Defendant in this action to look

-5-

1  into the incident at issue in his Complaint.  The Court does not have any jurisdiction to

2  order unnamed third parties to perform any actions and therefore does not have the ability

3  to grant Plaintiff's requested relief.

4        In terms of the merits of the requests for injunctive relief it self, Plaintiff has not

5  demonstrated that he will succeed on the merits of his case.  His Complaint fails to state

6  any cognizable claim.

7        Plaintiff fails to suggests a real and immediate threat of injury.  See City of Los

8  Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate"

9  threat of injury, and "past exposure to illegal conduct does not in itself show a present case

10 or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present,

11 adverse effects.").  The Court is unable to determine at this time how Plaintiff would suffer

12 without the requested relief.

13       Plaintiff does not address the third or fourth elements, i.e., the balancing of equities

14 and public interest concerns.  First, absent a showing sufficient to find harm to Plaintiff,

15 there is nothing to tip the balance of equities in Plaintiff's favor.  Second, while the public

16 has an interest in providing the best practical prisoner care, the record before the Court

17 does not justify the Court substituting its judgment in these matters for that of the prison

18 medical staff.

19       The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

20 The Court will allow leave to amend.  If Plaintiff chooses to amend, he must set forth

21 sufficient facts showing the above noted elements.  He could also set forth a request for

22 damages if after reviewing his pleadings he determines this is a possibility.

23 **IV.    CONCLUSION AND ORDER**

24       Plaintiff's Complaint fails to state a claim upon which relief may be granted under

25 § 1983.   The Court will provide Plaintiff with an opportunity to amend to cure the

26 deficiencies in his claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v.

27 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of

28 this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

1  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

3  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

4  Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be

5  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

6  555 (citations omitted).

7      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

8  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

9  1987), and it must be "complete in itself without reference to the prior or superceded

10  pleading," Local Rule 220.

11      Accordingly, it is HEREBY ORDERED that:

12      1.    The Clerk's Office shall send Plaintiff a complaint form;

13      2.    Plaintiff's Complaint, filed February 6, 2013, is dismissed for failure to state

14            a claim upon which relief may be granted under § 1983;

15      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall

16            file an amended complaint; and

17      4.    If Plaintiff fails to file an amended complaint in compliance with this order,

18            this action will be dismissed, with prejudice, for failure to state a claim.

19  IT IS SO ORDERED.

20  Dated:    March 28, 2013          /s/ Michael J. Seng
                                       UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

-7-