1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| SONNY MARTINEZ, | CASE NO.    1:13-cv-0183-MJS (PC) |
| | |

11

Plaintiff,                   ORDER DISMISSING PLAINTIFF'S ACTION
                             WITH PREJUDICE FOR FAILURE TO
12                           STATE A CLAIM
        v.

13
                             (ECF NO. 10)
SELMA POLICE DEPARTMENT,

14
                             CLERK TO CLOSE FILE
                Defendant.
15
                             DISMISSAL IS SUBJECT TO 28 U.S.C. §
16                           1915(g)
                                            /
17
18
19

On February 6, 2013, Plaintiff Sonny Martinez ("Plaintiff"), an individual proceeding
20
pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.
21
(Compl., ECF No. 1.)  Plaintiff appears to be a pretrial detainee.[1]  Plaintiff has consented
22
to Magistrate Judge jurisdiction.  (ECF No. 4.)
23
The Court screened Plaintiff's initial Complaint and dismissed it for failure to state
24
a claim, with leave to amend.  (ECF No. 8.)  Plaintiff has filed a First Amended Complaint.
25
(Am. Compl., ECF No. 10.)  Plaintiff's First Amended Complaint is now before the Court
26
27

---

28
[1] Yet again, Plaintiff is not clear about his current status.  Plaintiff disregarded the Court's request
that he explain his current incarceration status.

-1-

1  for screening.

2  **I.**  **SCREENING REQUIREMENT**

3  The Court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

6  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

7  relief may be granted, or that seek monetary relief from a defendant who is immune from

8  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

9  thereof, that may have been paid, the court shall dismiss the case at any time if the court

10 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

11 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12 A complaint must contain "a short and plain statement of the claim showing that the

13 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

15 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

16 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

17 "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

18 Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands

19 more than the mere possibility that a defendant committed misconduct and, while factual

20 allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

21 **II.**  **SUMMARY OF COMPLAINT**

22 Plaintiff is currently housed at the Fresno County Jail.  The events at issue in his

23 Complaint occurred at the City of Selma Jail in Selma, California.  Plaintiff names the

24 following individuals as Defendants: 1) Officer Pumahero, an officer with the Selma Police

25 Department, and 2) Doe, the camera operator in Selma Jail at the time of incident

26 underlying Plaintiff's claims.

27 Plaintiff has failed to follow the Court's instructions to submit an amended complaint

28 complete in itself.  Nevertheless, the Court will consider the allegations of Plaintiff's

1 previous Complaint to add clarity to his claims.  Plaintiff previously pled the following:

2       Plaintiff was arrested on January 20, 2013.  (Compl. at 3.)  He attempted to hang

3 himself in his cell.  (Id.)  Even though there was a camera near his cell, no one saw him or

4 came to help him.  (Id.)  Plaintiff ultimately changed his mind, but nevertheless fell to the

5 floor.  (Id.)  He called for help but no one arrived to help him for ten minutes.  (Id.)

6       Plaintiff now alleges:

7       The Defendant Doe failed to call for medical care immediately after Plaintiff tried to

8 hang himself.  (Am. Compl. at 3.)  Defendant Pumahero came to Plaintiff's cell to inquire

9 about Plaintiff's situation.  (Id.)  Defendant Pumahero insulted Plaintiff, talked about the

10 additional paperwork a hospital visit would require, and asked Plaintiff who would pay for

11 Plaintiff's medical care.  (Id.)  Defendant Pumahero did not want Plaintiff to receive any

12 medical care.  (Id.)

13       Plaintiff asks for $10,000 for every minute he remained on the floor due to

14 Defendants' inadequate response to his suicide attempt.  (Am. Compl. at 3.)

15 **III.**    **ANALYSIS**

16     **A.**    **42 U.S.C. § 1983 Claims**

17       42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

18 privileges, or immunities secured by the Constitution and laws' of the United States."

19 Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §

20 1983 is not itself a source of substantive rights, but merely provides a method for

21 vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

22 (1989).

23       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

24 a right secured by the Constitution or laws of the United States was violated, and (2) that

25 the alleged violation was committed by a person acting under the color of state law.  See

26 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

27 (9th Cir. 1987).

28

1       **B.    Possible Fourteenth Amendment Claim**

2       Plaintiff does not allege the statutory basis for his claim.  He failed to do so in his

3 original complaint as well and ignored the Court's direction to state the statutory basis for

4 his claim in his amended pleading.

5       It appears Plaintiff is asserting what amounts to a "conditions of confinement" claim

6 under the Fourteenth Amendment.  The Court in its original screening order advised

7 Plaintiff of the necessary elements to pleading such a claim.  Since he suggests no other

8 theory under which he might wish to bring a claim, the Court will analyze the First Amended

9 Complaint under the criteria for a conditions of confinement claim.

10       Civilly detained persons must be afforded "more considerate treatment and

11 conditions of confinement than criminals whose conditions of confinement are designed

12 to punish," and are thus entitled to protection under the Fourteenth Amendment.

13 Youngberg v. Romeo, 457 U.S. 307, 322 (1982); Jones v. Blanas, 393 F.3d 918, 931 (9th

14 Cir. 2004).  The Due Process clause guarantees civil detainees the right to be protected

15 and confined in a safe institution.  See Youngberg, 457 U.S. at 319–22 (finding that

16 involuntarily committed individuals have constitutionally protected rights under Due Process

17 Clause to reasonably safe conditions of confinement and freedom from unreasonable

18 bodily restraint).   Due process requires that civil detainees receive care that is

19 professionally acceptable.  Id. at 321.  "Liability may be imposed only when the decision

20 by the professional is such a substantial departure from accepted professional judgment,

21 practice, or standards as to demonstrate that the person responsible actually did not base

22 the decision on such a judgment."  Id. at 323.

23       Plaintiff again falls far short of pleading a cognizable conditions of confinement claim

24 under the Fourteenth Amendment.  Plaintiff alleges that Defendants Pumahero and Doe

25 failed to properly respond to his suicide attempt.  Defendant Doe allegedly failed to timely

26 alert anyone.  Defendant Pumahero allegedly complained about providing Plaintiff with

27 medical care.

28       Plaintiff does not allege that he was in fact deprived of adequate medical care,  that

1   the care he received did not meet  professional standards, or that he suffered in any way

2   from the care provided.  Rather it appears he is simply dissatisfied with the level of care

3   he received and the speed with which it was provided.  His dissatisfaction with Defendants'

4   failure to check on him as often as he prefers and with one Defendant's complaining about

5   Plaintiff's actions does not give rise to a cognizable cause of action.  There is no allegation

6   that the complaining Defendant prevented Plaintiff getting appropriate care.  Rather, it

7   appears that Plaintiff received the care prison authorities thought was appropriate when

8   they discovered that he had tried to harm himself.

9           Plaintiff fails to state a cause of action.  He preciously was advised of the pleading

10   requirements essential to a valid claim and given an opportunity to supply them, but failed

11   to do so.  No useful purpose would be served by providing that same information and

12   opportunity to him yet again. Plaintiff will be not be given further leave to amend.

13   **IV.    CONCLUSION AND ORDER**

14           The Court finds that Plaintiff's First Amended Complaint fails to state any § 1983

15   claims upon which relief may be granted against the named Defendants.  Under Rule 15(a)

16   of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice

17   so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible

18   that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

19   2000) (internal citations omitted).  However, in this action, Plaintiff has filed two complaints

20   and received substantial guidance from the Court in its Screening Order.  (ECF Nos. 1, 8,

21   & 10.)  Even after receiving the Court's guidance, Plaintiff failed to make sufficient

22   alterations or to include additional facts to address the noted deficiencies.  Because of this,

23   the Court finds that the deficiencies outlined above are not capable of being cured by

24   amendment, and therefore recommends that further leave to amend not be granted.  28

25   U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Based

26   on the record in this case, further leave to amend is not warranted.

27           Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for

28   failure to state a claim under § 1983, and this dismissal SHALL count as a strike pursuant

to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   May 29, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE